McBRIDE, Judge.
This is one of two consolidated suits arising oft of successive collisions involving three automobiles which happened at the intersection formed by West End Boulevard and Harrison Avenue at about 8:45 a. m., on January 8, 1960.
The instant plaintiff seeks to recover $467.47, the amount of damage sustained by his 1954 Buick automobile in the initial collision which involved the Buick and a taxicab owned by defendant; his suit was dismissed, and plaintiff appeals.
The Buick was being driven by plaintiff’s 17-year-old daughter, Jane, on West End Boulevard (a two-way thoroughfare) in the direction of the Mississippi River. The young lady was on her way to school on the morning in question; she states that when she was 50 feet away from Harrison Avenue, she observed the taxicab traveling thereon in a downtown direction, and that it was then 20 feet from the intersection; that she had been traveling at a speed of 20-25 miles per hour but that when she sighted the cab, she slackened her speed to 15 miles per hour; that she assumed the cab would stop in obedience to the traffic sign on Harrison Avenue facing the cab driver; that she does not know whether the cab stopped, but it emerged into the intersection directly in her path, whereupon she applied her brakes but could not stop in time, and the front right portion of her car struck the front of the left side of the cab. She denies she had lost control of her car at any time before the accident.
William Dean, who was driving defendant’s cab, says he stopped at the traffic sign, and after making an appraisal of traffic conditions in the intersection, started his cab forward and then noticed the-Buick approaching from his left at a rapid rate of speed, and it appeared to be-out of control. The left read end of the-Buiclc was “swinging” to the left into the lane of West End Boulevard reserved for vehicles traveling in the opposite direction. The Buick’s right front wheel appeared to be locked. Dean says he stopped his cab a second time, having moved only three or four feet from where he had first stopped. He maintains that when the second' stop was made, the front portion of the cab-was even with the line of West End Boulevard and that no part of the cab protruded' into the intersection. Nevertheless the-crash occurred.
Dean is charged with several specifications of negligence, and plaintiff’s daughter,, in the alternative, is alleged to have been: guilty of contributory negligence in certain: particulars.
The trial judge rendered no written reasons for judgment, but it is clear that his honor below concluded there was negligence on the part of Dean and that Miss Cheney was guilty of contributory negligence. He-saw and heard the witnesses as they testified and there is testimony which would support such a conclusion, and we find no error therein. The driver of the cab was negligent in starting forward from his stopped! position seeing that the approaching car ou-tlie intersecting street was out of control and was approaching at a rapid pace. He denies the front portion of his cab had' entered into the intersection, but such denial makes absolutely no impression upon us. *599 The cab could not possibly have been struck had it been in a stationary position at the threshold of the intersection.
The contributory negligence of plaintiff’s daughter appears from the cab driver’s testimony. She had lost control of her vehicle.
The judgment appealed from is affirmed.
Affirmed.